## Matgalina Asher, Plaintiff in Error, v. East St. Louis & Suburban Railway Company, Defendant in Error.

1. PASSENGER AND CARRIER—*obligation of latter to former.* A carrier owes to a passenger the duty to exercise the highest degree of care, skill and diligence consistent with the practical operation of its road.

2. PASSENGER AND CARRIER—*what establishes prima facie case in action for negligence.* In an action for personal injuries by a passenger against a carrier a *prima facie* case is made by proof of the relation of passenger and carrier, the accident and the injury.

3. INSTRUCTIONS—*particularity required of.* Instructions should not be given which are ambiguous and uncertain in their phraseology and calculated to mislead.

Action in case for personal injuries. Error to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed March 18, 1908.

KEEFE & SULLIVAN, for plaintiff in error.

SCHAEFER, FARMER and KRUGER, for defendant in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by the plaintiff in error against the defendant in error, an interurban railway company, to recover damages sustained by the plaintiff while a passenger on one of defendant's cars en route from Lansdowne to East St. Louis on March 8, 1906. The railway was owned and operated by the defendant and the car in question at the time of the injury was in charge of the defendant's serv-

ants. The declaration charges that "the defendant, through its servants in charge of said car, so negligently managed said car that it was caused to be run against and struck by an engine of the St. Louis Terminal Railroad Association, which was crossing the defendant's track at a point on defendant's line of railway.

There is substantially no conflict of evidence upon material facts in the case. At a point north of the corporate limits of East St. Louis the defendant's railway crosses at right angles three railroad tracks of the Terminal Railway Association. From the north the first track is called the inbound track, the second or middle is the outbound track and the third is a switching track. South of these tracks 150 feet the defendant's road crosses at right angles the track of the Southern Railway Company. Approaching the Terminal Railway crossing from the north there is an ascending grade of forty-two inches in forty-five feet. When the car on which the plaintiff was riding as a passenger coming from the north, neared the crossing, it stopped about twenty feet from the north inbound track of the Terminal Railway and the conductor, as was customary and his duty, left the car, went forward to inspect conditions and "flag" the crossing. He saw a train coming on the outbound track, running at the rate of six miles an hour, the engine-head not more than five or six car lengths—probably 200 feet—distant. He signaled the motorman to move forward and take the crossing. Obeying the signal, the motorman started the car. When within a few feet of the northbound track the trolley left the wire, but the momentum of the car moved it forward across the north track onto the middle track, where it was struck by the Terminal engine, shoved along the Terminal track for some distance and tilted at an angle of forty-five degrees. That the plaintiff was a passenger; that the car was under the management and operation of the defendant's servants; that the

collision and injury was caused by an attempt to move the car over the crossing in front of a moving train, and that at the time of the collision the plaintiff was in the exercise of due care for her own safety, are facts that may not be disputed by the evidence of record.

The general issue was filed and the case was tried by a jury, which rendered a verdict for the defendant. The plaintiff, by writ of error, brings the record to this court for review, and asks a reversal of the judgment, chiefly upon two grounds, (1) that the verdict is against the manifest weight of evidence, and (2) that the rulings of the court in giving instructions for the defendant were against the law and the manifest weight of the evidence. We are constrained to hold with the plaintiff upon both contentions, but as the questions of fact are again to be submitted to a jury, we refrain from a discussion of the evidence further than is necessary to make clear our opinion as to the law. At the time and place of the collision which caused the injury, the plaintiff was a passenger on the defendant's road and the law required that the defendant should exercise the highest degree of care, skill and diligence consistent with the practical operation of the road for the protection and safety of the plaintiff and other passengers. Any less degree of care, skill and diligence by any of the defendant's servants would amount to negligence, for which, if injury resulted, an action would lie. The declaration in this case charges negligence, and it was for the plaintiff to prove negligence as above defined in making out her case. In this, as in all other actions founded upon negligence, the burden to establish by evidence *prima facie* a right to recover was upon the plaintiff. The burden to establish and maintain the right to recover rests upon the plaintiff throughout the trial. Chicago Union Tract. Co. v. Mee, 218 Ill. 11. Under a rule of evidence applied in this kind of action, "when the accident proceeds from an act of such a character that when due care is taken in its

Asher v. East St. Louis & Suburban Ry. Co.

performance no injury ordinarily ensues from it, or where it is caused by the mismanagement of a thing over which the defendant has immediate control, or for the management or construction for which it is responsible," a *prima facie* case is made out by proof of the accident, the injury, reasonable care of the plaintiff, and the circumstances embraced by the rule. Chicago City Ry. Co. v. Rood, 163 Ill. 482. To that point the burden is upon the plaintiff, after which it will be presumed that the defendant was negligent, and the burden is then said to shift and rest upon the defendant to explain, overcome or rebut the presumption. The effect of the evidence in such case and under the rule mentioned is to prove the defendant's negligence and establish *prima facie* the plaintiff's right to recover. It is a salutary rule springing from necessity in the administration of justice, and the reason for it, in any case, justifies its application in this case. There is no dispute in argument that the rule mentioned obtains and may be applied in a proper case, the only contention being, on the one side, that the rule is applicable under the facts in this case, and on the other, that it is not. Numerous authorities are cited and discussed and the argument is directed chiefly to the question whether or not the rule may be invoked in support of plaintiff's cause before the jury, and in argument here for a reversal of the judgment. We do not deem it necessary to review at length the authorities cited, as we find therein no conflict in doctrine or principle. We quote above the rule under discussion as we find it formulated in Chicago City Ry. Co. v. Rood, *supra,* because it is there more amplified than in some of the other cases cited, and because of the fact that opposing counsel in their argument rely upon that case as supporting their several contentions. In discussing the rule in the Rood case, the court says: "The presumption in question comes from the nature of the accident and the circumstances surrounding it, rather than from the mere fact of the

accident itself. These circumstances must tend to connect the carrier with the cause of injury. If the circumstances surrounding the accident are such as to indicate that it would not probably have occurred if the company had been in the use of suitable machinery or safe apparatus, or if it had employed proper and competent servants to manage such machinery or apparatus, then the burden of proof will be shifted to the carrier." And again: "It is reasonable that a presumption of negligence should arise against the carrier in cases where the cause of the accident is under its control, because it has in its possession the almost exclusive means of knowing what occasioned the injury and of explaining how it occurred, while the injured party is generally ignorant of the facts." Clearly the evidence in this case brings it within the doctrine, and the reasons therefor as we find it in the opinion above quoted. The collision "would not probably have occurred," the accident would not probably have happened, the plaintiff would not probably have been injured, had the defendant been in the use of safe apparatus or if it had employed proper and competent servants to manage the machinery and apparatus which it had in use. The moving of the car to and upon the crossing was entirely within control of the defendant's servants. Whether the conditions for such crossing were safe or otherwise was for the conductor to ascertain and determine in advance of the attempt to cross, and all that was done or to be done in the movement of the car before and after the trolley left the wire was entirely under the control of the defendant's servants, and the consequence of what they did, the collision, would not probably have occurred had they exercised that degree of care, skill and diligence required by the law for the safety of the helpless occupants of the car. It is wholly immaterial, in this action, which of the trains had the right of the crossing under the law applicable to contesting such right, nor does it affect the plaint-

iff's right to recover that the servants of the Terminal Association were negligent, if the injury she sustained could have been prevented had the defendant's employes exercised that degree of care which the law requires. The Terminal Association, no less than the defendant, may be held to the same degree of care respecting passengers endangered by collision at the crossing, but in an action against either it is no defense that the other is also liable.

Complaint is made of the defendant's given instruction, which follows:

"The mere fact that an accident occurred, and that the plaintiff was injured, of itself, raises no presumption of negligence or liability on the part of the defendant for such injury. Negligence, like any other material fact, must be alleged and proved by the plaintiff as alleged, by a preponderance of the evidence, and even if you believe, from the evidence, that the plaintiff received the injuries complained of, yet if you further believe, from the evidence, that the plaintiff has not proved by a preponderance of the evidence that she was injured by the negligence of the defendant, as charged in her declaration, then the plaintiff cannot recover, and your verdict must be for the defendant."

It is said that by this instruction the jury were told that no presumption obtained in favor of the plaintiff and that the court might have instructed the jury that there was a presumption of negligence and that the burden was on the defendant to rebut it. The suggestion of what might have been done furnishes an answer to the criticism made. No such instruction was asked or refused, and the plaintiff is not in position to complain that it was not given. The giving of this instruction was not error. It states correctly the law applicable in this case. As we have already stated, the burden was upon the plaintiff to prove the negligence alleged, in this case to prove the facts and circumstances from which, under the rule *res ipsa loquitur,* a presumption of negligence would arise, call-

ing for proof and explanation on the part of the defendant. It was for the jury to determine the facts which give rise to the presumption, and, under instructions by the court, to apply the rule and give effect to the presumption. It was not for the defendant or the court, without request, so to instruct the jury. Instruction No. 12 is erroneous and misleading in that it tells the jury that if the collision "was caused by reason of the trolley wire or trolley pole being out of repair or for any other reason outside the negligence charged in plaintiff's declaration," they should find for the defendant. The defendant is charged with negligence in the management and operation of the car, and a defective condition of the trolley might reasonably be attributed to the management or to the acts of the servants after the defect was known, and are questions of fact within the allegation of the declaration to be considered by the jury. The instruction should have been refused. So, also, instruction No. 13 should have been refused. It does not state correctly the rule as to the degree of care required, and improperly invokes the doctrine of assumed risk. No. 14 is subject to the criticism made, though not of sufficient gravity to reverse the judgment, were the record otherwise free from error. No. 15 is ambiguous, uncertain and misleading. For reasons already given, in considering objections to instruction No. 8, it is held that it was not error to give instruction No. 2. No. 16 is not subject to the objection made, though it may be criticised for improperly assuming that the collision was due to defects in the trolley or machinery.

For the errors indicated, the judgment of the Circuit Court is reversed and the cause remanded.

<em>Reversed and remanded.</em>